**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario De La Fuente Manriquez, et al., | No. CV11-01981-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| City of Phoenix, et al., | |
| Defendants. | |

Defendants City of Phoenix, Jeff Kornegay, Jack Harris, John Collins, James Holmes, and Steve Garcia ("City Defendants") have filed a motion to dismiss with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6). Doc. 4. The motion has been fully briefed. Docs. 4, 9, 12. Neither party has requested oral argument. For the reasons that follow, the motion will be granted in part and denied in part.

**I.     Background.**

A state grand jury indicted Plaintiffs on November 30, 2009 for various felony offenses including conspiracy, fraudulent schemes, participation in a criminal syndicate, illegal control of an enterprise, and money laundering. Doc. 1-2, at 11. Plaintiffs filed a motion to remand or in the alternative to dismiss on the ground that the State's grand jury presentation denied Plaintiffs their due process rights. *Id.* That motion was granted on November 8, 2010, and the State did not appeal. Plaintiffs then filed a complaint against the City of Phoenix, Kornegay (a City detective), Harris (the City's chief of police), Collins (a City police lieutenant), Holmes (a City police department media relations

employee), and Garcia (a City detective), among others. The complaint alleges a mixture of federal civil rights and state tort law violations. Plaintiffs' federal civil rights claims are (1) malicious prosecution, (2) false arrest, (3) defamation relating to a press conference, (4) defamation relating to a website posting, (5) excessive force, and (6) destruction of property. Doc. 1-2. Plaintiffs' state tort claims include (7) malicious prosecution, (8) defamation, (9) false light invasion of privacy, and (10) negligence.[1]  *Id.* City Defendants move to dismiss Plaintiffs' complaint in its entirety with prejudice, alleging that Plaintiffs failed to serve timely notices of claim on the individual defendants, that the defamation claims were not filed within the statute of limitations, and that the City of Phoenix is not liable under respondeat superior. Doc. 4, at 5.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Analysis.

City Defendants concede that Plaintiffs' federal defamation claims (Counts 3 and 4) were timely filed. Doc. 12, at 1. The Court will deny the motion on Counts 3 and 4.

---

[1] Plaintiffs and City Defendants both refer to Count 11 in their memoranda. *See, e.g.*, Docs. 4, at 3; 9, at 8. Plaintiffs' complaint alleges only ten claims.

City Defendants also concede that Harris was personally served with a notice of claim on May 26, 2011. Doc. 12, at 2. The Court will deny the motion with respect to Harris. Plaintiffs agree that the state tort defamation claim (Count 8) and related state tort claims (Counts 9 and 10) should be dismissed as time-barred, and clarify that the only city employees they intended to include in the state tort counts are Harris (all state torts) and Kornegay (Count 7). Doc. 9, at 3-4. The Court will grant the motion on Counts 8, 9, and 10 in their entirety, and grant the motion on Count 7 with respect to Collins, Holmes, and Garcia. The remaining considerations for the Court are Count 7 with respect to Kornegay and the City of Phoenix, and Counts 1, 2, 5, and 6 with respect to all City Defendants.

### A.  Count 7: State Law Claim Against Kornegay.

City Defendants ask the Court to dismiss Plaintiffs' complaint in its entirety, but make no mention of Kornegay in their motion. They argue only that "Plaintiffs did not serve their Notice of Claim on Defendants Collins, Holmes, and Garcia; therefore, the state actions against them are barred." Doc. 4, at 3. Indeed, Plaintiffs are the first to address Kornegay at any length, arguing in their response that he attempted to evade service and that City Defendants are now estopped from claiming that he was not served. Doc. 9, at 4-7. City Defendants wait until their reply to raise arguments regarding Kornegay. Doc. 12. City Defendants cannot raise arguments in their reply that were not raised in their initial motion to dismiss. *Cooke v. Lake Havasu City*, CV10-8044-PCT-DGC, 2010 WL 2671750, at *5 (D. Ariz. July 2, 2010) (citing *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008)). The Court will not consider these new arguments, and will deny the motion on Count 7 with respect to Kornegay.

### B.  Count 7: State Law Claim Against the City of Phoenix.

Plaintiffs allege in their complaint that the City of Phoenix "at all relevant times herein was the employer of Defendants Kornegay, Harris, Collins, Holmes and Garcia and acting through its agents and/or servants and/or employees, caused events to occur and/or failed to prevent the occurrence of certain events, which are the subject of this lawsuit." Doc. 1-2, at 5. City Defendants do not challenge this assertion, but argue that

Plaintiffs' claims against the City should be dismissed because the claims against the individual city defendants are barred and the complaint does not contain any facts supporting independent wrongdoing by the City. Doc. 4, at 3. Count 7 is not barred against Harris and Kornegay, and the Court therefore will deny the motion on Count 7 with respect to the City of Phoenix.

### C. Counts 1, 2, 5, and 6: Federal Claims Against All City Defendants.

City Defendants ask the Court to dismiss Plaintiffs' complaint in its entirety, but make no argument supporting dismissal of the federal claims. Although City Defendants are employed by the City of Phoenix and are therefore public employees under A.R.S. § 12-821.01(A), the notice of claims provision does not bar Plaintiffs' federal claims. *See Felder v. Casey*, 487 U.S. 131, 133 (1988) (holding that state notice of claim provisions may not serve to "place conditions on the vindication of a federal right"). City Defendants do not address any of the federal claims in their motion other than the federal defamation claims (Counts 3 and 4), which they have since conceded were timely. Doc. 4, at 4; *cf.* Doc. 12, at 1. The Court will deny the motion on Counts 1, 2, 5, and 6.

**IT IS ORDERED** that the City Defendants' motion to dismiss (Doc. 4) is **granted in part and denied in part** as set forth in this order.

Dated this 1st day of December, 2011.

_____
David G. Campbell
United States District Judge