**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario De La Fuente Manriquez and Cecilia De La Fuente,<br><br>Plaintiffs,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>Defendants. | No. CV11-01981-PHX-DGC<br><br>**ORDER** |

Defendants City of Phoenix, Jeff Kornegay, Jack Harris, John Collins, James Holmes, Steve Garcia, and Lana Laker (collectively "City Defendants") have filed a motion to dismiss Counts 12 and 13 of Plaintiffs' second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 63. Defendants State of Arizona and Ted Campagnolo (collectively "State Defendants") join the motion. Docs. 65, 84. The parties have not requested oral argument. For the reasons that follow, the motion will be granted in part and denied in part.

**I.     Background.**

A state grand jury indicted Plaintiffs on November 30, 2009, for various felony offenses including conspiracy, fraudulent schemes, participation in a criminal syndicate, illegal control of an enterprise, and money laundering. Doc. 54, at 8. Plaintiffs filed a motion to remand or in the alternative to dismiss on the ground that the State's grand jury presentation denied Plaintiffs their due process rights. *Id.* That motion was granted on November 8, 2010, and the State did not appeal.

1    Plaintiffs filed their original complaint in this action on September 20, 2011, in Maricopa County Superior Court. Doc. 1-2, at 4. Defendants removed the case to this Court on October 11, 2011. Doc. 1. City Defendants filed a motion to dismiss the original complaint (Doc. 4), which the Court granted in part and denied in part on December 1, 2011 (Doc. 18). Plaintiffs filed their first amended complaint on December 16, 2011. Doc. 25.

On April 12, 2012, Plaintiffs filed their second amended complaint against the City of Phoenix, Kornegay (a City detective), Harris (the City's chief of police), Collins (a City police lieutenant), Holmes (a City police department media relations employee), Garcia (a City detective), Laker (a City police department media relations employee), the State of Arizona, and Campagnolo (a State Assistant Attorney General). Doc. 54. These Defendants are unchanged from the original and first amended complaints, with the exception of Laker, who is named for the first time in the second amended complaint. *See* Docs. 1-2, 25. The second amended complaint alleges a mixture of federal civil rights and state tort law violations. Plaintiffs' federal civil rights claims are (1) malicious prosecution, (2) false arrest, (3) defamation relating to a press conference, (4) defamation relating to a website posting, (5) excessive force, and (6) destruction of property. Doc. 54, at 18-26. Plaintiffs' state tort claims include (7) malicious prosecution, (8) defamation relating to a website posting, (9) false light invasion of privacy, (10) negligence, and (11) intentional infliction of emotional distress. *Id.* at 26-30. These claims are unchanged from the original and first amended complaints. *See* Docs. 1-2, 25. The second amended complaint alleges two additional counts: (12) a federal civil rights claim of defamation relating to a YouTube video entitled "The Last 24," wherein Laker describes the City Police Department's investigation of Mario De La Fuente, and (13) a state tort claim of defamation relating to "The Last 24" video. *Id.* at 30-36.

Plaintiffs allege that the Phoenix Police Department's ("PPD") Public Affairs Bureau produced "The Last 24" video for its continuing YouTube program. Doc. 54, at 31, ¶ 135. Harris arranged for or otherwise directly or indirectly approved the making of,

dissemination, publication, and uploading of the video. *Id.* at ¶ 136. In the video, Laker describes the PPD's investigation that led to the arrest and indictment of Mario De La Fuente. *Id.* at ¶ 137. Specifically, Laker states that the PPD's investigation exposed a criminal enterprise which was financially funded by Mario De La Fuente and which operated car dealerships by fraudulent means. *Id.* Laker praises the PPD detectives for bringing members of the criminal syndicate to justice. *Id.* The video was made on January 25, 2010, uploaded to YouTube on January 28, 2010, and removed sometime between February 2, 2012 and February 20, 2012. *Id.* at 32, ¶ 138.

City Defendants move to dismiss Counts 12 and 13 on three grounds: Plaintiffs failed to serve a timely notice of claim on City Defendants, Counts 12 and 13 constitute new defamation claims not raised within the applicable statute of limitations period, and the City of Phoenix is not liable under Plaintiffs' respondeat superior theory. Doc. 63, at 1. State Defendants join the motion on the same grounds. Doc. 65, at 1. State Defendants assert that they are not liable under Plaintiffs' respondeat superior theory with respect to Counts 12 and 13 because neither the State nor Campagnolo employ Laker. Doc. 65, at 2.

**II.     Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Analysis.**

    **A.   Notice of Claim and Statutes of Limitations.**

        **1.   Count 13:  State Tort of Defamation.**

Arizona's notice of claim statute provides that all persons having a claim against a public entity or public employee must provide notice of that claim within 180 days after the cause of action accrues.[1] A.R.S. § 12-821.01(A). Arizona law imposes a one-year statute of limitations on claims against the state or municipality from the time those claims accrue. A.R.S. § 12-821. A cause of action accrues when "the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12-821.01(B); *see Allstate Life Ins. Co. v. Robert W. Baird & Co., Inc.*, 756 F. Supp. 2d 1113, 1154 (D. Ariz. 2010). Generally, strict compliance with the notice of claim statute and the statute of limitations is required. *See Falcon ex rel. Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1256 (Ariz. 2006) ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements."). Nonetheless, because a notice of claim and the statute of limitations are procedural requirements, they are both "subject to waiver, estoppel, and equitable tolling." *Pritchard v. State*, 788 P.2d 1178, 1181 (Ariz. 1990).

City Defendants argue that Plaintiffs failed to serve a timely notice of claim and failed to file their new defamation claims within the statute of limitations. Doc. 63, at 3, 5. They contend that the cause of action giving rise to Count 13 accrued on January 25, 2010, when "The Last 24" video was produced by the PPD, or, at the latest, on January 28, 2010, when the video was allegedly uploaded to YouTube. Doc. 63, at 4; *see*

---

[1] The notice of claim requirement applies only to state law claims. *See Nored v. City of Tempe*, 614 F. Supp. 2d 991, 998 (D. Ariz. 2008) (dismissing the plaintiff's state law claims for failing to comply with § 12-821.01, while leaving the federal claim intact); *Payan v. City of Phoenix*, No. CV-09-1917-PHX-JAT, 2010 WL 4574149, at *4 n.3 (D. Ariz. Nov. 5, 2010) ("The Arizona notice of claim statute applies only to state law claims[.]"). The Court will consider City Defendants' notice of claim argument with respect to the state defamation claim in Count 13, but not the federal defamation claim in Count 12.

Doc. 54, at 32, ¶ 152.  Plaintiffs respond that their cause of action did not accrue until they discovered the video.  Doc. 70, at 11.

According to Plaintiffs, they first discovered the video on January 27, 2012, when a legal assistant for Plaintiffs' counsel "found the video by happenstance [while] doing a Google search[.]"  Doc. 54, at 32, ¶ 142.  Up to that point, Plaintiffs claim they were aware of the injury from statements made at the press conference and statements made on the City of Phoenix's website (as alleged in Counts 3, 4, and 8), but were unaware of the injury from "The Last 24" video.[2]  *Id.* at ¶ 143.  City Defendants argue that "The Last 24" video was made available to the public via YouTube and was not published in a manner "peculiarly likely to be concealed" from Plaintiffs.  Doc. 82, at 6-7; *Clark v. Airesearch Mfg. Co. of Ariz., Inc.*, 673 P.2d 984, 986 (Ariz. App. 1983).  They claim that Plaintiff should have discovered the offending video earlier, given Plaintiffs' admission that the video "was made contemporaneously with and was inexorably linked to Mr. De La Fuente's unconstitutional arrest and prosecution."  Doc. 82, at 7 (quoting Doc. 54, at 33, ¶ 148).  Furthermore, they claim that "due diligence would dictate that a party who believed someone defamed him in the media would at a minimum run his name in a Google search."  Doc. 82, at 4.

Plaintiffs' second amended complaint sets forth reasons why they did not discover the video until January 27, 2012.  Plaintiffs allege that at the time the video was uploaded, Mr. De La Fuente was incarcerated.  *Id.* at ¶ 139.  Unlike the press conference, which was televised and conducted before members of the press, the video was not publicized or disclosed to Plaintiffs' criminal defense counsel; Plaintiffs' criminal

---

[2] City Defendants claim that the Court has "dismissed Plaintiffs' defamation claims arising from the January 25, 2010 press conference as time-barred against all defendants except Count 7 as to Defendant Kornegay." Doc. 63, at 5; Doc. 82, at 7. This is incorrect. City Defendants previously conceded that Plaintiffs' federal defamation claims (Counts 3 and 4) were timely filed (Doc. 12, at 1), and the Court denied City Defendants' motion to dismiss Counts 3 and 4. Doc. 18, at 2. Plaintiffs previously agreed that the state tort defamation claim with respect to the website posting (Count 8) should be dismissed as time-barred, and the Court granted City Defendants' motion to dismiss that claim. *Id.* at 3.

defense counsel and current counsel had no reason to believe that the PPD would produce the video. *Id.* at ¶¶ 140, 141.

The second amended complaint pleads enough facts to state a facially plausible claim to relief. *Twombly*, 550 U.S. at 570. The facts alleged could support a finding that Plaintiffs did not know, and could not reasonably have known, the "cause, source, act, event, instrumentality or condition which caused or contributed to the damage" until January 27, 2012. *See* A.R.S. § 12-821.01(B); *Allstate Life Ins. Co. v. Robert W. Baird & Co., Inc.*, 756 F. Supp. 2d 1113, 1154 (D. Ariz. 2010); *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998) ("When discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury."). Accordingly, City Defendants' motion to dismiss Count 13 as time-barred is denied.[3]

### 2. Count 12: Federal Civil Rights Defamation.

Section 1983 does not contain its own statute of limitations. Instead, federal courts borrow the forum state's personal injury statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Arizona, courts apply a two-year statute of limitations to § 1983 claims. A.R.S. § 12-542; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Federal law determines when a cause of action accrues for a § 1983 claim. *Lukovsky v. City of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quotation omitted).

As discussed above, the second amended complaint pleads enough facts on its face to state a claim that Plaintiffs did not know of "The Last 24" video, and did not have

---

[3] In their reply memorandum, City Defendants raise an additional challenge under Arizona's one-year statute of limitations for defamation claims, A.R.S. § 12-541(1). Doc. 82, at 6. Arizona's general defamation rule provides that a defamation action accrues and the statute of limitations begins to run upon publication. *Boatman v. Samaritan Health Services, Inc.*, 812 P.2d 1025, 1031 (Ariz. 1990). Arizona applies the discovery rule if "the allegedly defamatory statements are published under circumstances in which they are likely to be kept secret from the injured party for a considerable time." *Airesearch Mfg. Co.*, 673 P.2d at 986. Plaintiffs have pleaded facts which could support a finding that the allegedly defamatory video was published under circumstances in which it was likely to be kept secret from Plaintiffs for a considerable time.

- 6 -

reason to know of it, prior to January 27, 2012. *See* Doc. 54, at 32, ¶¶ 139-143. The question of when the video was or should have been discovered is a question of fact, *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir. 1984), and may be decided as a matter of law "only when 'uncontroverted evidence irrefutably demonstrates [Plaintiffs] discovered or should have discovered'" the video, *id.* (quoting *Kramas v. Sec. Gas & Oil Inc.*, 672 F.2d 766, 770 (9th Cir. 1982)). City Defendants have not met this standard. The motion to dismiss Count 12 is denied to the extent it asserts that Plaintiffs failed to comply with the applicable statute of limitations.

### B.  Respondeat Superior.

City Defendants argue that Plaintiffs' respondeat superior theory for Counts 12 and 13 fails because the underlying allegations against Laker are time-barred. Doc. 63, at 6. For the reasons discussed above, the Court will not dismiss Counts 12 and 13 at this stage on the basis of alleged notice of claim or statute of limitations deficiencies. The claims are not thus barred against Laker.

The Court will determine whether the pleadings state a plausible claim to relief against the remaining Defendants. City Defendants argue that Plaintiffs have not alleged that Laker, or anyone else at the City of Phoenix, personally uploaded "The Last 24" video to YouTube. Doc. 63, at 6. They contend that Plaintiffs have not alleged any facts supporting independent wrongdoing by the City of Phoenix with respect to "The Last 24" video, and that Counts 12 and 13 should be dismissed against City Defendants. *Id.*

#### 1.  Count 13: State Tort Defamation.

Defendants City of Phoenix, Kornegay, Harris, Collins, Holmes, Garcia, the State of Arizona, and Campagnolo cannot be held directly liable for Laker's allegedly defamatory statements because Plaintiffs have alleged no facts to suggest that they directly engaged in the defamatory actions. *See* Doc. 54, at 30-36. The doctrine of respondeat superior imposes vicarious liability on an employer for the torts of an employee if the torts are committed within the scope of her employment. *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*, 5 P.3d 249, 254 (Ariz.

1 App. 2000); *Patterson v. City of Phoenix*, 436 P.2d 613, 617 (Ariz. 1968). Plaintiffs allege that Laker "was at all times material hereto employed by the City of Phoenix as an officer with the Phoenix Police Department and working in the City's Police Department Media Relations Unit and was acting in the course and scope of her employment with the City." Doc. 54, at 30-31, ¶ 134. These allegations, taken as true for purposes of the motion to dismiss, show that Laker was acting within the scope of her employment and are therefore sufficient to support a respondeat superior claim against the City.

Plaintiffs allege that Harris "arranged for or otherwise directly or indirectly approved the making of, dissemination, publication and uploading" of the video. Doc. 54, at 31, ¶ 136. A supervisor in his individual capacity is liable for the violations of his subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Plaintiffs have pled sufficient facts to maintain their state tort defamation claim against Harris.

Plaintiffs also allege that "[a]t various times alleged herein [Laker] was acting as an agent of the State of Arizona and acting in the course and scope of said agency." *Id.* at 31, ¶ 134. This is nothing more than a legal conclusion, and legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Iqbal*, 556 U.S. at 680, and "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). Plaintiffs plead no facts to support their claim that Laker acted as an agent for the State. And apart from Laker and Harris, Plaintiffs have not identified the roles of the other individual defendants with respect to Count 13.[4]

---

[4] Plaintiffs have attached excerpts of Defendant Holmes's deposition as an exhibit to their response. *See* Doc. 70, at 13, Doc. 7-1. Plaintiffs cite the deposition to show that Holmes was present when the video was put together and that he advised Laker that she could put information from Mario De La Fuente's case into the video. Doc. 70, at 14. The Court may consider materials attached to Rule 12(b)(6) pleadings without converting the motion to dismiss into a motion for summary judgment if they are materials of which the Court may take judicial notice. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The content of a deposition, however, is not a fact of which the Court will take judicial notice. *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

The motion to dismiss Count 13 is granted with respect to Defendants Kornegay, Collins, Holmes, Garcia, the State of Arizona, and Campagnolo.

### 2.  Count 12: Federal Civil Rights Defamation.

Supervisors may not be held liable under § 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior. *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1230 (9th Cir. 2012); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under § 1983; a plaintiff must show personal involvement in the violations). The Ninth Circuit recently summarized the circumstances under which supervisors may be held liable under § 1983: "(1) for setting in motion a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a 'reckless or callous indifference to the rights of others.'" *Moss*, 675 F.3d at 1231 (quoting *al-Kidd v. Ashcroft*, 580 F.3d 949, 965 (9th Cir. 2009), *overruled on other grounds by Ashcroft v. al-Kidd*, 131 S. Ct. 2074 (2011)) (citation omitted).

Apart from their factual allegations against Laker and Harris, Plaintiffs allege that "[t]he Phoenix Police Department's Public Affairs Bureau produced a video . . . for its upcoming You Tube program called 'The Last 24,' which video was entitled 'Fifty Seven Million Dollar Fraud.'" Doc. 54, at 31, ¶ 135. Taking this allegation as true, as the Court must at this stage, the City of Phoenix was directly involved in the alleged defamation by producing the offending video. Plaintiffs have pled enough facts to state a § 1983 claim against the City of Phoenix.

As discussed with respect to Count 13, Harris's alleged involvement in arranging for or approving the making of, dissemination, publication, and uploading of the video (Doc. 54, at 31, ¶ 136) is sufficient to show that he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

The second amended complaint contains no allegations to establish that the *Moss* factors apply to Kornegay, Collins, Holmes, Garcia, the State of Arizona, or Campagnolo. The motion to dismiss Count 12 is granted with respect to these defendants.[5]

**IV.  Conclusion.**

The Court will not dismiss Counts 12 and 13 for alleged notice of claim and statute of limitations violations, but these counts fail to meet the pleading standard required by *Twombly* and *Iqbal* with respect to certain defendants under respondeat superior. Counts 12 and 13 survive against Defendants Laker, City of Phoenix, and Harris.

**IT IS ORDERED** that City Defendants' motion to dismiss (Doc. 63) is **granted in part and denied in part** as set forth in this order.

Dated this 4th day of June, 2012.

_____
David G. Campbell
United States District Judge

---

[5] To recover damages for defamation under § 1983 against the surviving defendants, Plaintiffs must satisfy the Ninth Circuit's "stigma-plus" test. *Am. Consumer Publ'g Ass'n, Inc. v. Margosian*, 349 F.3d 1122, 1125 (9th Cir. 2003). Under that test, "a plaintiff must allege loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation." *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir. 1991), *rev'd on other grounds*, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc). Reputation alone is not a constitutionally protected property interest. *WMX Techs., Inc. v. Miller*, 80 F.3d 1315, 1320 (9th Cir. 1996). The stigma-plus test also "requires that the defamation be accompanied by an injury directly caused by the Government, rather than an injury caused by the act of some third party [in reaction to the Government's defamatory statements]." *Id.* at 1320.